```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| MARK C. FOREMAN and VICTORIA D. FOREMAN,<br>    Plaintiffs/<br>    Counterclaim Defendants<br><br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM INSURANCE COMPANIES,<br>    Defendants/<br>    Counterclaim Plaintiffs | No. 3:10cv1603<br><br>(Judge Munley) |

## MEMORANDUM

Before the court is complaint filed by Mark C. Foreman and Victoria D. Foreman (hereinafter "plaintiffs"). After a review of this matter, we will decline to exercise jurisdiction and remand the case to state court.

**Background**

Plaintiffs seek insurance benefits from an insurance contract that they claim provided underinsured motorist bodily injury coverage of $100,000.00, stacked for two vehicles, for a total amount of $200,000.00 underinsurance coverage. (Doc. 1, Ex. A, Compl. ¶ 4). Defendants, the insurance companies, assert that the policy provides non-stacked coverage for a maximum limit of underinsured motorist coverage of $100,000.00 available under the policy. (Doc. 4, Defs' Ans. ¶ 4). Also at issue in the case is the effect of a binding arbitration with a high/low amount, which resulted in an award of $150,000.00 to plaintiffs. (Doc. 1, Ex. A, Compl. ¶ 5).

Plaintiffs filed a declaratory judgment suit in the Lackawanna County Court of Common Pleas seeking a declaration that plaintiffs have stacked underinsurance up to the amount of $200,000.00 and that defendants are

entitled to a credit of only $100,000.00 due to the arbitration. (Id. ¶ 11). Defendants removed the case to this court in August 2010, and filed an answer and counterclaim on September 2, 2010. (Doc. 4). The defendants' counterclaim seeks a declaration that the plaintiffs are entitled to a maximum amount of $100,000.00 in underinsured motorist coverage. (Id.). After a review of the complaint and answer, we determine that the case should be remanded.

**Discussion**

This court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which provides as follows: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon filling of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . ..." (emphasis added).

Because of the discretionary language in the Declaratory Judgment Act, we may decline to hear an action for declaratory relief even where other jurisdictional prerequisites are met.[1] The United States Supreme Court has held "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Third Circuit Court of Appeals has indicated that the Declaratory Judgment Act "contemplates that district courts will exercise discretion in determining whether to entertain such actions." State Auto Ins. Co. v. Summy, 234

---

[1] Defendants' notice of removal asserts diversity jurisdiction. (Doc. 1, ¶ 4).

2

F.3d 131, 133 (3d Cir. 2001). In other words, the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. at 287.

We are not unlimited, however, in our discretion to decline to hear a declaratory judgment action. When the issues involved in the case include "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding" we should entertain the action. Summy, 234 F.3d at 134.

Bearing these factors in mind, we must determine whether to entertain the instant case.[2] The instant action contains no issues of federal law. It involves solely state insurance law as the plaintiffs and the defendant insurance companies seek an interpretation of the insurance policy at issue. "The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Id. at 136. Thus, no federal interest is involved in this action.

Another factor examined in cases such as Summy, *supra*, and Wilton, *supra*, was that a parallel state action had been filed dealing with the same issues as the federal cause of action. In the instant case, there is, or was, a case filed in state court by plaintiffs against the person who caused the motor vehicle accident that led the plaintiffs to seek insurance benefits. (Doc. 4, Defs' Answer ¶¶ 5 - 6). This case evidently does not deal with the same issues as the federal action. The state court case, however, did lead to the arbitration that the parties address in the instant

---

[2]If no motion to dismiss had been filed in the instant case, we could have addressed this issue *sua sponte*. Summy, 234 F.2d at 136.

3

action. Although, the Summy and Wilton courts considered the pendency of the parallel action as a factor in declining to hear a case, they did not hold that a parallel action is a prerequisite to a district court's refusal to entertain an action. In fact, other courts have held that it is proper to dismiss a declaratory judgment action even where no parallel state case exists. See Nationwide Mutual Ins. Co. v. Yungwirth, No. Civ.A. 04-1681, 2005 WL 3070907 (W.D. Pa. Nov. 15, 2005) (citing Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998); Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 754 (9th Cir. 1996)); see also Nationwide Mutual Ins. Co. v. Svitescis, No. Civ.A. 05-0369, 2005 WL 3070941 (W.D. Pa. Nov. 16, 2005) (holding same).

Accordingly, we find that although there is no parallel state court proceeding, we should exercise our discretion to decline hear this case. The fact that no parallel state court proceeding exists is outweighed by the lack of any federal question in this case. See Yungwirth, 2005 WL 3070907 at * 2.

The insurance issues involved in this case do not appear to involve novel issues of state law. Where the state law on an issue is firmly established federal declaratory judgment actions regarding that issue should be rare. Summy, 234 F.3d at 136.

Thus, based upon all these factors, we will decline to entertain this action and remand this case. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK C. FOREMAN and<br>VICTORIA D. FOREMAN,<br>　　Plaintiffs/<br>　　Counterclaim defendants<br><br>　　v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY and STATE FARM<br>INSURANCE COMPANIES,<br>　　Defendants<br>　　Counterclaim Plaintiffs | No. 3:10cv1603<br><br>(Judge Munley) |

## **ORDER**

**AND NOW**, to wit, this 30th day of September 2010, we decline to entertain this declaratory judgment action. The Clerk of Court is directed to remand this case to the Court of Common Pleas of Lackawanna County, Pennsylvania.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**